G. F. WILLIAMS v. CHARLES F. DUNN et als.

(Filed 6 October, 1909.)

1. Deeds and Conveyances—Mortgages—Pleadings—Cancellation—Evidence.

In an action for the cancellation of a bond and mortgage on plaintiff's land, plaintiff alleged that they were given defendants, upon consideration that the latter would pay a certain prior mortgage indebtedness of plaintiff, which, owing to the defendant's delay, plaintiff had to pay when he was in imminent danger of losing the land under foreclosure. The answer raised no material issue. Held, upon the pleadings, it appeared there was a failure of consideration and the bond and mortgage should be cancelled.

2. Appeal and Error—Admissions of Counsel—Deeds and Conveyances—Cancellation—Conditions Precedent.

When it is adjudged from the pleadings that plaintiff is entitled to the relief demanded, that his certain bond and mortgage held by the defendants be cancelled, and it appears, from facts admitted by counsel on appeal that defendants should first be repaid a certain sum of money they had paid to plaintiff in consideration of the transaction relieved against, the cancellation of the bond and mortgage will be decreed upon the condition of defendants' being repaid.

3. Appeal and Error — Reversed on Merits — Judgment Modified — Costs.

On this appeal, the plaintiff (appellant) having succeeded upon the substantial merits of the case, and the judgment below being modified upon admission of plaintiff's counsel, the defendants, not appealing as to that matter, are taxed with the costs of appeal.

APPEAL by defendants from *W. R. Allen, J.,* June Term, 1909, of LENOIR.

The facts are sufficiently stated in the opinion.

*Y. T. Ormond* for plaintiff.
*C. F. Dunn* for defendant.

WALKER, J. This is a civil action, brought by the plaintiff, for the cancellation of a bond and mortgage given by him to the defendant. It is alleged in the complaint that, in consideration of the execution of the bond and mortgage, the defendant agreed to pay certain indebtedness, in the amount of $565, of the plaintiff to the Kinston Insurance and Realty Company, and of $300 to L. Harvey & Son, and to satisfy a judgment of $50 against the plaintiff. The plaintiff's counsel admitted here that the defendants had paid the plaintiff the sum of $10 at the time the papers were executed. It was so alleged in section 4 of the com-

plaint and denied in the answer, but we will act upon the admission of counsel in the disposition of the case upon its merits. The defendant filed an answer, but no material issue was raised by its denials or by any affirmative averments therein. The court adjudged, upon the pleadings, that the bond and mortgage be cancelled, and the defendant, having duly excepted, appealed to this Court.

Having carefully examined the pleadings in the case, we have been unable to discover that they raise any issue of law or of fact fit to be considered by the court or jury. The defendants obtained the bond and mortgage upon a promise to the plaintiff, with which they have failed to comply, and, upon their own showing, they have no defense to the cause of action set out in the complaint. Indeed, they seem to have played "fast and loose" with the plaintiff, and to have had little or no regard for their duty as fiduciaries toward him. They permitted his land to be advertised for sale by his creditor, and he was in imminent danger of losing it, when he paid off the encumbrance. The day after this was done, the defendants, it seems, tendered the amount due upon the debt, to pay which the land had been advertised for sale, but he was too late. The debt was due, and he should have been more diligent, and, furthermore, by the terms of his contract, he was required to be so. The plaintiff, having been compelled to pay the money in order to save his land, is entitled to be reimbursed by the defendants.

The defendants are entitled to have the $10 which was paid by them returned by the plaintiff, and the bond and mortgage will not be cancelled until this is done. The judgment, as thus modified, is affirmed, but the defendants must pay the costs of this Court, as they did not specially appeal, because the plaintiff had been allowed to retain the amount so paid, and the plaintiff has succeeded in this Court upon the substantial merits of the case.

Judgment modified.